JOHN R. BROWN, Circuit Judge:
 

 In February of 1981, appellant Helen Dorothy Johnson filed a petition for relief under Chapter 7 of the Bankruptcy Code and later claimed certain exemptions from her bankruptcy estate. Jody Fenslage, a judgment creditor, objected to Johnson’s claim that a tax-deferred annuity was exempt from the bankruptcy estate under a Texas statute which provided an exemption for life insurance policies.
 
 [1]
 
 In an order issued June 21, 1982, the Bankruptcy Court found that the annuity was not exempt under the cited Texas statute. Further, the Court found that because Johnson had elected to claim exemptions under state law, her claim that the annuity was exempt under 11 U.S.C. § 522(d)(10)(E) was without merit.
 
 [2]
 

 Although Johnson failed to appeal this decision, she was granted leave to amend her exemptions after substituting counsel, and subsequently claimed that the annuity was exempt under various other provisions of Texas law. The Bankruptcy Court pointed out that she had taken a “ ‘scatter-gun’ approach” to claiming exemptions, and found no cited authority applicable to her claim of exemption. Fenslage’s objections were therefore sustained and the exemption denied. Because we find Johnson’s contentions on appeal to be without merit, we affirm the Bankruptcy Court’s decision.
 

 The Annuity and Johnson’s ERISA Claim
 

 In November, 1976, appellant, a library employee at West Texas State University (WTSU), executed an application to participate in a group variable annuity that was maintained and operated by Lincoln National Life Insurance Company. The annuity was to provide retirement income, beginning in 1995, to appellant (and her spouse as beneficiary) in return for monthly salary deductions of $100. Although the annuity was established for WTSU as “group master contract owner,” the annuity is funded solely by the participants’ earnings. The University’s only involvement was to allow
 
 *1140
 
 Lincoln National to promote its plan and to pay over the monthly salary deductions.
 

 In this appeal, Johnson asserts for the first time that her annuity is a plan or pension under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001
 
 et seq.
 
 (ERISA). Although we ordinarily refuse to consider issues raised for the first time on appeal,
 
 Jackson v. United States Postal Service,
 
 666 F.2d 258, 260-61 (5th Cir.1982), we make an exception to this general rule when a pure question of law is involved and the refusal to consider it will produce a miscarriage of justice.
 
 Coastal States Marketing, Inc. v. Hunt,
 
 694 F.2d 1358, 1364 (5th Cir.1983);
 
 Holiday Inns, Inc.
 
 v.
 
 Alberding,
 
 683 F.2d 931, 933 (5th Cir.1982). We are not convinced, however, that in this situation our failure to consider this claim will result in a miscarriage of justice.
 

 We are further persuaded that consideration of this claim is improper due to the fact that the Bankruptcy Judge brought out the issue of possible federal claims during the hearing on Fenslage’s objections to exemptions.
 
 [3]
 
 When Johnson retained new counsel and amended her exemption claim, the availability of exemptions under Federal law other than those provided in the Bankruptcy Code had thus been made a part of the record in the case. Under these circumstances, we perceive no injustice in our refusal to consider appellant’s tardy claim under ERISA.
 

 “Spendthrift” Provisions
 

 Appellant also urges that her annuity is subject to exemption because the contract she executed contains an antialienation clause which makes it a “spendthrift” trust under Texas Law.
 
 [4]
 

 We find this claim to be unfounded. We recognize that 11 U.S.C. § 541(c)(2) provides that restrictions on the alienation of trust funds which are enforceable under “applicable nonbankruptcy law” are likewise enforceable in bankruptcy proceedings, thus providing an exemption from the bankruptcy estate. We have specifically held that Section 541(c)(2) was intended to apply only to spendthrift trusts,
 
 see Matter of Goff,
 
 706 F.2d 574, 580 (5th Cir.1983), but we cannot find that the annuity here was such a trust.
 

 In
 
 Goff,
 
 we found that the ERISA-quali-fied Keogh plan there could not be viewed as a spendthrift trust because the alleged “settlors” had created what was in essence a revocable trust for their own benefit. Although it is true that the petitioners in
 
 Goff
 
 were self-employed and thus there was no “employer” involved who could be viewed as a settlor, we find the negligible amount of employer involvement here renders this situation legally indistinguishable from that in
 
 Goff.
 
 In
 
 Goff,
 
 the Court focused on the nature of the retirement plan. There, as here, participation in the plan was strictly voluntary and terminable at will by the settlor/beneficiary, who could then withdraw all or nearly all the funds paid in. More importantly, in
 
 Goff,
 
 as in this case, the “settlor” made all the contributions to the “trust”
 
 res.
 
 We find that allowing an exemption under these facts
 
 *1141
 
 would be contrary to the public policy notions we expressed in
 
 Goff
 
 and in
 
 Matter of Witlin,
 
 640 F.2d 661, 662 (5th Cir.1981). In those cases, we found that it would be unjust to allow any person to voluntarily place property in a “revocable trust for his own benefit and claim it as exempt from the claims of his creditors.”
 
 Id.
 
 at 663.
 

 State Law Claims
 

 In her amended exemption report, appellant claimed that she was entitled to exempt the annuity from the estate under several state statutes. The Bankruptcy Court considered and rejected those claims. Appellant asserts error in the trial court’s findings as to two of those statutes. For the reasons which follow, we affirm.
 

 Appellant argues that because she is employed by a State University, she is entitled to exempt the annuity from her bankruptcy estate under the Texas State College and University Employees Uniform Insurance Benefits Act (the Act). Tex.Ins.Code Ann. art. 3.50-3 § 9(a) (Vernon 1981). As appellant points out, Article 6228a-5 (Tex. Civ.Code Ann. (Vernon Supp.1983)), which authorizes educational agencies to purchase annuities for their employees and provides for salary reduction payments, is mentioned in Article 3.50-3 § 4(b)(4)(J) of the Act.
 

 We cannot agree, however, with appellant’s contention that all benefits mentioned in the Act are subject to the proscription of attachment or garnishment. As the Bankruptcy Court recognized, one of the stated purposes of the Act was to provide for “greater uniformity” in the administration of tax-sheltered annuities. Tex. Ins.Code Ann. art. 3.50-3 § 2(g) (Vernon 1981). A separate purpose, however, was to reward the “faithful service and dedication” of University employees by providing “health insurance and other group insurance benefits” to those employees.
 
 Id.
 
 § 2(f). Significantly, the Act requires that the educational institution “contribute monthly to the cost of ... coverage,”
 
 id.
 
 § 12, and specifies that neither employer contributions nor employee contributions may be used to pay the cost of administering any program under the Act.
 
 Id.
 
 at § 14.
 

 In light of this statutory framework, we find that the Bankruptcy Court properly construed the Act to mean that tax-deferred annuities might be made
 
 available
 
 to University employees. The Act did not require, however, that the employer contribute to appellant’s annuity as it was not a •‘health ... or other group insurance benefit” within the meaning of Section 2(f). Indeed, Section 3 of the Act provides separate definitions for “group life, accident, or health insurance” and “retirement annuity insurance.” We find, therefore, that Section 9 of the Act, which provides that “insurance benefits and other payments or transactions made pursuant to the provisions of this Act
 
 to any employee ...
 
 shall be exempt from execution, attachment or garnishment,” was intended to exempt only
 
 employer-provided
 
 benefits (emphasis added). Because the annuity here was “provided” by the employee herself, we agree with the Bankruptcy Court’s holding that it is not exempt under the Act.
 

 We emphasize here that our conclusion might be different if appellant had demonstrated that the University was required by the Act to contribute to her annuity as an insurance benefit, but had failed to do so. Although she states that this is so, she offers no possible construction of the Act which convinces us that her statement is true. She argues, for example, that the employer chooses whether he will pay a higher salary and then reduce it to make an annuity contribution, or chooses to pay a lower salary and make the contribution himself. This is contrary to the expressed intent of the Act, which we have pointed out was to offer
 
 additional
 
 benefits to University employees in the
 
 form of at
 
 least partial contributions to certain, but not all, employee benefit programs. She further argues that her employer’s failure to contribute to the annuity results in an unjust forfeiture of her exemption rights under the Act. This circular reasoning ignores the Act’s differentiation between those benefits to which the employer
 
 must
 
 contrib
 
 *1142
 
 ute, and those benefits which should be made
 
 available
 
 at the employees’ option. We find she is simply wrong in contending that the exemption provision applies to both.
 

 Finally, appellant asserts that the Bankruptcy Court erred in holding that the annuity was not exempt under Texins. Code Ann. art. 21.22 (Vernon 1981). She urges that because the University’s agreement with Lincoln National called for future retirement payments in installments, the plan complies with the provisions of Article 21.22, which mandate that insurance benefits or annuities that are paid on a periodic or installment basis are not attachable. However, appellant’s annuity provides that she can elect to receive the benefits in a lump sum — not in installments — if she chooses to terminate her participation in the plan prior to the date she will begin receiving the payments.
 

 In
 
 Union Savings, Building & Loan Ass’n v. Smith,
 
 62 S.W.2d 175 (Tex.Civ.App. Tex-arkana 1933
 
 writ ref’d),
 
 the Texas Court interpreted Article 21.22’s predecessor, former Article 5068a, and found that the exemption was applicable to those benefits which are paid on a periodic or installment basis, but not those payable in a lump sum. Appellant argues, however, that because she has not elected to terminate the plan, she should not be held to the rule respecting lump sum payments. We disagree. Were we to find otherwise, she would be able to terminate the plan at any time before the payments are scheduled to begin (in 1995) and would then receive the lump sum in contravention of the statute.
 

 In finding appellant’s contentions under state law to be meritless, we recognized our duty to construe these previously-uninterpreted state statutes liberally in favor of the debtor.
 
 In Re Thompson,
 
 103 F.Supp. 942 (D.C.Tex.1952). We believe, however, that a different construction of the Texas statutes would fly in the face of the distinctions made therein.
 

 AFFIRMED.
 

 [1]
 

 . Tex.Civ.Code Ann. § 3836(a)(6) (Vernon Supp.1983).
 

 [2]
 

 . Section 522(b)(1) provides for exemption of certain property, including annuities, under subsection (d) of § 522. In the alternative, the debtor may choose to exempt any property which would be exempt under federal or state law
 
 other than
 
 subsection (d) of § 522.
 
 See Matter of Goff,
 
 706 F.2d 574, 579 (5th Cir.1983).
 

 [3]
 

 . The following exchange took place at the June 1, 1981 hearing, between the Bankruptcy Judge and counsel for Fenslage:
 

 THE COURT: In addition to the state exemptions, there are certain federal exemptions that also follow that are not in the bankruptcy code, you know, certain retirement, certain types of pensions and things of that nature.
 

 Does this fall into that category?
 

 MR. SCHACHTER: I believe that when the . debtor filed his — or her schedules, she elected to go into the state exemptions.
 

 THE COURT: Well, what I’m saying is, there are some federal exemptions that are not in 522.
 

 MR. SCHACHTER: Yes, I understand.
 

 THE COURT: That apply in the state exemptions.
 

 MR. SCHACHTER: I haven’t researched that issue with regard to this plan, so I’m unable to make representation to the court one way or the other.
 

 [4]
 

 . Johnson’s agreement with Lincoln provides:
 

 A participant cannot assign, transfer or commute any of the benefits provided by the contract and his (her) benefits will be exempt from the claims of his (her) creditors to the maximum extent permitted by law.