**In re David Halvor OTT and Sheryl Juanita Ott, Debtors.**

**Bankruptcy No. 683–08520.**

United States Bankruptcy Court, D. Oregon.

Sept. 30, 1985.

R. Craig McMillin, Salem, Or., for debtors.

Thomas Huntsberger, trustee.

Thomas Huntsberger, Springfield, Or., for trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the trustee's objection to the debtors' claimed exemption of their interest in a profit sharing plan maintained by David H. Ott, D.C., P.C. After reviewing the evidence presented at the hearing thereon and the applicable law, this court sustains the trustee's objection and holds that such interest is not exempt.

Debtor, David H. Ott, is a licensed chiropractic physician, employed by David H. Ott, D.C., P.C. He is the sole stockholder and an officer in this professional corporation. The corporation established a profit sharing plan, with its first fiscal year beginning July 1, 1982. The debtors are the trustees of the plan.

The debtors filed their voluntary Chapter 7 petition herein on December 29, 1983. Their interest in the David H. Ott, D.C., P.C. profit sharing plan was listed, as an asset, in Schedule B–3 and also claimed exempt, pursuant to ORS 23.170.

The trustee, Thomas Huntsberger, filed an objection to the claimed exemption. At the hearing on the trustee's objection, the trustee introduced, as Exhibit A, the David H. Ott, D.C., P.C. 1982 I.R.S. Form 5500–C, Return/Report of Employee Benefit Plan. Debtors introduced, as Exhibit 1, the written profit sharing plan (hereinafter the plan) and a letter of approval from the Internal Revenue Service. In addition, the debtor, Sheryl J. Ott, testified that fiscal year 1982 was the plan's first year, there never have been any withdrawals from the plan and that both she and the debtor, David H. Ott, are covered as participating employees in the plan. She further testified that one other employee had been covered for a very short period of time.

The trustee maintains that the debtors' interest in the plan is not exempt under ORS 23.170, since professional corporations are not included within the definition of an employer in the statute, the debtors retain the power to gain access to accrued benefits at any time and a true employment relationship does not exist between the professional corporation and the debtors.

The sole issue is whether or not the debtors' interest in the plan is exempt under ORS 23.170 which provides, in pertinent part, as follows:

"... pensions granted to any person in recognition by reason of a period of employment by ... any ... person, partnership, association or corporation, shall be exempt from execution ..."

It has already been established, in this district, that individual retirement accounts (IRAs) and self-employed Keogh plans do not qualify as "pensions" under ORS 23.-170. *In re Mace* 4 B.C.D. 94 (Bankr.D.Or. 1978), *In re Mendenhall* 4 B.R. 127 (Bankr. D.Or.1980), *In re Hebert*, 684–08258 Slip op. (Bankr.D.Or. May 15, 1985) (Wilhardt, J.). In each case, the court viewed two factors as important in its decision.

First, as stated by Judge Folger Johnson, "... the 'person' granted the pension must

be different from the 'person' granting the pension." 4 B.C.D. at 95.

Second, the amount of control that the debtor may exercise over the "pension" fund is also important. If the debtor may withdraw the funds at any time, without restriction, the fund becomes more like a conventional savings account and less like a true retirement fund. The fact that the debtor may enjoy some tax advantages from maintaining the fund and that he may have to pay a tax penalty, for early withdrawal, has not been considered to be an important factor in this court's prior decisions. The question is whether or not the debtor may withdraw the funds at any time.

A review of the exhibits submitted as evidence and the debtors' schedules and statement of affairs reveals the following. At the end of the plan's first year, David H. Ott was the sole eligible employee (Exhibit A, page 2). The total assets of the plan were:

| | |
|---|---|
| Cash | $129.00 |
| Receivables | $129.00 |
| Real Estate | $26,000.00 |

Liabilities total $12,065.00, establishing a net worth of the plan at $14,064.00 (Exhibit A).

It appears that the real property originally belonged to the debtors. They transferred the property to David H. Ott, D.C., P.C., within the year prior to filing their bankruptcy petition, in return for forgiveness of indebtedness they owed the corporation and assumption of debt (debtors' statement of affairs, page 3, question 12b).

According to the terms of the plan, the employer has sole discretion as to the estimation of net profits and the amount of contribution for each year (Exhibit 1, Article IV, page 13). A participant is fully vested upon entry into the plan. (Exhibit 1, Article VI, ¶ 6.4(b), page 28). The plan also allows the employer to terminate the plan at anytime (Exhibit 1, Article VIII, page 43). Upon termination, the employer may choose to distribute the plan assets to participants, in lump sum, or continue the trust and distribute the assets according to the plan as if it had not been terminated. (Id.). In short, the employer, professional corporation, has sole discretion to determine to what extent contributions will be made to the plan each year, the nature of the property to be contributed and may terminate the plan, thus permitting the withdrawal of plan assets, at any time, by the debtors. As noted above, debtor, David H. Ott, is the professional corporation's sole shareholder.

This court recognizes that there is, technically speaking, a distinct employer-employee relationship, in that the debtor(s) is employed by the professional corporation, David H. Ott, D.C., P.C. This court also notes, however, that as the sole shareholder of the corporation, debtor, David H. Ott, has complete control over the corporation-employer. This control must be viewed together with the provisions in the plan that allow the employer complete discretion in determining whether or not to make plan contributions and, in effect, permit distribution of the plan assets to its participants at any time. This court also notes that the only present plan participant(s) is the debtor, David H. Ott and possibly his wife, the debtor, Sheryl J. Ott.

This court is permitted to look beyond the form of the plan to its substance. When viewed in totality, this court concludes that there is no truly separate, distinct, employer-employee relationship and that the debtor(s) may, in reality, withdraw the plan funds and/or other assets at any time. Accordingly, applying the rationale established by this court in *Mace, Mendenhall* and *Hebert*, this court concludes that the debtors' interest in the plan does not qualify as exempt under ORS 23.170.

In light of the foregoing, we need not decide whether or not a pension plan established by a professional corporation may qualify as exempt under ORS 23.170 or whether or not a profit sharing plan may be considered to be a "pension" under that statute.

This opinion shall constitue findings and conclusions under Federal Rule of Civil

Procedure 52 as made applicable to this court by Bankruptcy Rule 7052, they shall not be separately stated.