In re David Halvor OTT and Sheryl Juanita Ott, Debtor-Appellants.

Civ. No. 86–187FR.
Bankruptcy No. 683–08520.

United States District Court,
D. Oregon.

Feb. 24, 1986.

R. Craig McMillin, Mills & McMillin, Salem, Or., for debtor-appellants.

Thomas A. Huntsberger, Ackerman, DeWenter & Huntsberger, P.C., Springfield, Or., for trustee-appellee.

## ORDER

FRYE, Judge:

Debtors-Appellants, David H. Ott and Sheryl J. Ott (Debtors) appeal from a decision of the United States Bankruptcy Court holding that funds deposited in a pension and profit sharing plan established by the professional corporation, David H. Ott, D.C., P.C., are not exempt under ORS 23.-170 from becoming part of the bankruptcy estate of the Debtors. 53 B.R. 388.

## BACKGROUND

Debtor, David H. Ott, is a licensed chiropractic physician employed by the corporation, David H. Ott, D.C., P.C. Ott is the sole stockholder and an officer in David H. Ott, D.C., P.C. The profit sharing plan was established at the corporation's inception on July 1, 1982. Debtors are trustees of the plan.

Debtors filed a voluntary Chapter 7 bankruptcy petition on December 29, 1983. Their interests in the profit sharing plan were listed as assets and claimed as exempt pursuant to ORS 23.170. The Trustee in Bankruptcy filed an objection to the exemption and, after a hearing, the bankruptcy court held that the Debtors' funds in the pension and profit sharing plan are not exempt from the bankruptcy estate.

The sole issue before the bankruptcy court, and now before this court, is whether the Debtors' interests in the pension and profit sharing plan are exempt under ORS 23.170, which provides in relevant part:

> ... pensions granted to any person in recognition by reason of a period of employment by ... any ... corporation, shall be exempt from execution ...

The bankruptcy court first examined the facts of the case in order to determine whether the "person" granted the pension was different from the "person" granting the pension. Then the court determined the amount of control that the Debtors exercised over the pension fund. After reviewing the terms of the pension and profit sharing plan, the bankruptcy court found that the employer, David Ott, D.C., P.C., had the sole discretion as to the estimation of net profits and the amount of contribution to be made to the plan; and that the plan allows the employer, David Ott, D.C., P.C., to terminate the plan at any time and thereafter to choose how to or whether to distribute the assets of the plan. The bankruptcy court acknowledged the employer-employee relationship between Debtor, David Ott, and the professional corporation, David Ott, D.C., P.C., but found that Debtor, David Ott, had complete control over the corporation-employer, David Ott, D.C., P.C. The court found that, for practical purposes, Debtor, David Ott, was the person who would both grant and receive the pension. The court concluded:

> This court is permitted to look beyond the form of the plan to its substance. When viewed in totality, this court concludes that there is no truly separate, distinct, employer-employee relationship and that the debtor(s) may, in reality, withdraw the plan funds and/or other assets at any time. Accordingly, applying the rationale established by this court in *Mace, [In re] Mendenhall* [4 B.R. 127 (D.Or.1980)] and *Hebert* this court concludes that the debtors' interest in the plan does not qualify as exempt under ORS 23.170. ·

Debtors appeal from the decision of the bankruptcy court, contending that the professional corporation that employs them is a recognizable entity and that Congress intended to preserve restrictions on the alienability of funds where a spendthrift provision is valid under state law. Debtors assert that this plan contains a valid spendthrift provision. The Trustee asserts that the control exercised over the plan by the Debtor, David Ott, makes this plan essentially a self-settled spendthrift trust, invalid under Oregon law.

## STANDARD OF REVIEW

 The conclusions of law of the bankruptcy court are reviewed *de novo*, but the findings of fact will not be set aside unless clearly erroneous.

## ANALYSIS

 The decision of the bankruptcy court correctly centered on the amount of control exercised by the Debtor, David Ott, over the pension and profit sharing plan. The bankruptcy court found that David Ott, personally, controlled the pension and profit sharing plan. This court cannot say that this finding of fact is clearly erroneous. There is no evidence however, that Debtor, Sheryl J. Ott, controlled the pension and profit sharing plan. She is, therefore, a person different from the person granting the pension. ·

IT IS HEREBY ORDERED that the decision of the bankruptcy court is AFFIRMED as to Debtor, David H. Ott, and REVERSED as to Debtor, Sheryl J. Ott. This case is remanded to the bankruptcy court for further proceedings.