In re Lieselotte **HUNSUCKER** a/k/a Mrs. Harry T. Hunsucker, Debtor.

Bankruptcy No. 88–20301.

United States Bankruptcy Court, D. Montana.

Oct. 5, 1988.

---

Barbara Dockery Tremper, Missoula, Mont., for debtor.

Bruce L. Hussey, Missoula, Mont., Trustee.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 5th day of October, 1988.

In this Chapter 7 case, hearing was held on September 6, 1988, on the Trustee's Objection to Debtor's claim that her Beneficial Flexible Purchase Retirement Annuity qualified as exempt property. After considering the evidence introduced, this Court took the matter under advisement, granting the parties ten (10) days to file supporting memorandums. Each party has timely submitted a memorandum outlining their respective positions.

The Trustee relies on *In re Goff,* 706 F.2d 574 (5th Cir.1983), and *In re Johnson,* 724 F.2d 1138 (5th Cir.1984) to argue that this Court should follow the holdings in those cases and deny the annuity as exempt property. The Trustee alleges that the annuity in the instant case is comparable to the annuities in the above cites cases, since all were strictly voluntary and terminable at the will of the settlor or beneficiary, who could withdraw all or nearly all of the funds paid into the account. Also, the settlor made all contributions to the "trust" res. Due to the presence of these factors, the Trustee urges this Court to find, as in *Johnson,* supra, that "it would be unjust to allow any person to voluntarily place property in a revocable trust for his own benefit and claim it as exempt from the claims of creditors". *Johnson* at 1141.

However, the *Johnson* court used the above language in rejecting the Debtor's contention that her annuity qualified as a spendthrift trust and was excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). The Court had earlier stated:

"... We have specifically held that Section 541(c)(2) was intended to apply only to spend-thrift trusts. *See Matter of Goff,* 706 F.2d 574, 580 (5th Cir.1983), but we cannot find that the annuity here was such a trust. In *Goff,* we found that the ERISA-qualified Keough plan there could not be viewed as a spend-thrift trust because the alleged 'settlors' had created what was in essence a revocable trust for their own benefit ... We find this situation ... legally indistinguishable from *Goff.*" *Id.* at 1140.

The Debtor, in the present case, however, is not alleging that her annuity qualifies as a spendthrift trust. Rather she claims exemption pursuant to 11 U.S.C. § 522(d)(10)(E) which provides in pertinent part:

"The following property may be exempted:

(E) a payment under a ... annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for support of the debtor and any dependent of the debtor, unless

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's right under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under Section 401(a), 403(a), 403(b),

408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a) 403(b), 408, or 409).''

Although Montana has opted out of the Federal Bankruptcy exemption provisions, § 522(d)(10) has been incorporated by reference into Montana's state exempt property statute. *See* § 31–2–106 Mont.Code Ann. (1987). Thus, the Debtor properly relies on § 522(d)(10)(E) as the basis for her claim of exemption. Furthermore, since the Debtor does not rely on § 541(c)(2), this case is legally distinguishable from *Goff*, supra, and *Johnson*, supra. In fact, the *Goff*, court conceded that if the debtor in that case had elected to use the federal exemptions, § 522(d)(10)(E) would have provided an appropriate exemption for their annuity. The Court stated:

"In the immediate case, debtors selected the state exemption option which does not provide in terms at least a partial exemption for Keough plans as does the federal exemption. Under Section 522(d)(10)(E), 11 U.S.C. § 522(d)(10)(E), a debtor who elects the federal exemption may exempt his 'right to receive a payment under a … pension … plan … to the extent reasonably necessary for the support of the debtor and any dependent of the debtor unless the plan demonstrates three disqualifying characters. The Goff's plans did not contain the disqualifying characteristics and would have been covered by Section 522(d)(10)(E) to the extent reasonably necessary for the Goff's support." *Id.* at 579, 580.

Also in *Johnson*, supra, the Court stated, "Because Johnson elected to claim exemptions under state law, her claim that the annuity was exempt under 11 U.S.C. § 522(d)(10)(E) was without merit." *Id.* at 1139.

Given the above language, the Trustee's attempt to apply the holdings of *Goff* and *Johnson* to the present case is misplaced. This case must be analyzed under the provisions of § 522(d)(10)(E), rather than the spendthrift trust provisions of § 541(c)(2).

Since Mrs. Hunsaker's annuity does not contain any of the three disqualifying char-

acteristics listed in § 522(d)(10)(E)(i), (ii), (iii), the only other reason her claim for exemption would fail under § 522(d)(10)(E) would be that it is not "reasonably necessary" for her support or for the support of her dependents. The "reasonably necessary" language under such exemption is defined in *Warren v. Taff*, 10 B.R. 101 (Bankr.D.Conn.1981), which states:

"[T]he reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated … and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim." *Id.* at 107.

Applying this analysis to the facts of the instant case, I conclude Mrs. Hunsaker meets the requisite standard. She is a 57 year old teacher's aide who testified that she purchased the tax exempt annuity at age 54 to supplement her teachers' retirement. The Debtor explained that during a teachers' strike she had to cash in her accumulated teacher retirement benefits, so that she had to start anew in that program in 1982. Anticipated benefits from the teachers' retirement are $50.00 per month, so the supplement would be meager income on which to live. I find that her testimony was credible and was not rebutted by the Trustee. Furthermore, I apply the maxim stated in *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132 (1986), providing for liberal construction of the Montana exemption statutes. Accordingly,

IT IS ORDERED that the Trustee's objection to the Debtor's exemption of her Beneficial Flexible Purchase Retirement Annuity pursuant to 11 U.S.C. § 522(d)(10)(E) is denied.