### In re Marvin Rex BELL and Yvonne Christine Bell, Debtors.

### Bankruptcy No. 88–40667.

United States Bankruptcy Court, D. Montana.

Dec. 22, 1988.

Barbara E. Bell, Great Falls, Mont., for debtors.

Gary Deschenes, Alexander, Baucus & Linell, P.C., Great Falls, Mont., Trustee.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 13 case, a confirmation hearing was held November 22, 1988, together with the Trustee's objections to the Debtors' Plan and claimed exemptions. The Debtors were present and represented by Barbara E. Bell and the Trustee was present. At the close of trial, the Court took the matters under advisement. Counsel for the Debtors has filed a brief in support of the Debtors' Chapter 13 Plan and claimed exemptions and this matter is deemed submitted.

The Trustee objects to the Debtors' claim of exemption to an Individual Retirement Account (IRA) and to the feasibility of the Debtors' Chapter 13 Plan based on the Debtors' schedules and statements. The

Debtors' Plan proposes to pay the Trustee $220.00 per month. However, the Debtors' Amendments to their Petition, filed November 3, 1988, show that the Debtors only have $200.00 available to make Plan payments. The Amendments to the Petition further states that the Debtors have IRA accounts with a balance of $9,677.00. The Debtors assert that the IRA accounts are exempt under § 25–13–609, M.C.A., while the Trustee objects and asserts that the IRA accounts are not exempt and, therefore, must be considered to determine whether the unsecured creditors would receive more upon liquidation than under the Plan. 11 U.S.C. § 1325(a)(4).

■ Montana has "opted out" of the Federal exemptions which are available to bankruptcy debtors. § 31–1–106, M.C.A. Section 31–2–106, M.C.A., sets forth the exemptions that are available to Montana debtors:

"Exempt property—bankruptcy proceeding. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except that property specified in 11 U.S.C. 522(d)(10) and that property exempt from execution of judgment as provided in 19–3–105, 19–4–706, 19–5–704, 19–6–705, 19–7–705, 19–8–805, 19–9–1006, 19–10–504, 19–11–612, 19–13–1004, Title 25, chapter 13, part 6, 33–7–511, 33–15–512 through 33–15–514, 33–10–502, 39–51–3105, 39–71–743, 39–73–110, 53–2–607, 53–9–129, Title 70, chapter 32, and 80–2–245."

Section 31–2–106, M.C.A., was overhauled by the 1987 Legislature to include, as exempt, numerous public retirement, pension, and annuity funds. However, no private pensions, such as Keoghs or IRAs are specifically listed in the enumerated Montana statutes. The Debtors' claimed exemption under § 25–13–609, M.C.A., is completely misplaced. None of the items contained in § 25–13–609, M.C.A. are even remotely applicable to an IRA. Therefore, the Debtors' claimed exemption under § 25–13–609, M.C.A. is not allowable. However, this Court will determine whether the IRA is exempt under § 522(d)(10) of the Bankrupt-

cy Code, which is a Federal exemption specifically allowed Montana Debtors.

Section 522(d)(10)(E) provides:

"(10) The debtor's right to receive—

(E) a payment under a ... annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's right under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 [26 U.S.C. 401(a) ], 403(a), 403(b), 408, or 409)."

An IRA account qualifies under 26 U.S.C. § 408, and, therefore, the three exceptions enumerated in § 522(d)(10)(E) are not applicable. Neither the Ninth Circuit Court of appeals or the Ninth Circuit Bankruptcy Appellate Panel has directly addressed whether an IRA is exempt under § 522(d)(10)(E). In *In re Daniel*, 771 F.2d 1352 (9th Cir.1985), the Court held that the Debtor had to adhere strictly to the California statute exempting a private profitsharing retirement plan. The Court stressed that the explicit language of the statute relied upon must be used. *Id.* at 1356. Numerous other courts have held that IRAs or such accounts are not exempt under § 522(d)(10)(E) or applicable state statutes. *See, In re Clark*, 711 F.2d 21 (3rd Cir.1983), (held that Keogh plan was not exempt because payments were not presently "reasonably necessary" for support of debtor or dependents); *Matter of Kochell*, 26 B.R. 86 (Bankr.W.D.Wis.1982), (held that only present payment on pension plans are exempt, not the plans themselves); *Matter of Parker*, 473 F.Supp. 746 (1979), (held that IRAs are under too much control of debtor and are not exempt); *In re Mace*, 4 B.C.D. 94 (Bankr.Or.1978), (held

that IRA's are not exempt unless reasonably necessary upon filing and confirmation and stated that debtor has too much control over the account to justify exemption). Subsequent to *Mace*, the Oregon Bankruptcy Court's denial of a Debtor's claimed exemption in a Keogh account was appealed to the Ninth Circuit Court of Appeals. In *Herbert v. Fliegel*, 813 F.2d 999 (9th Cir.1987), the Court stated:

> "The majority of courts that have addressed the policy issues have concluded that the benefits to be derived from granting an exemption for self-funded plans are outweighed by the 'strong public policy that will prevent any person from placing his property in what amounts to be revocable trust for his own benefit which would be exempt from the claims of his creditors.'" *Id.* at 1001.

The Court then denied the Debtor's claimed exemption in a Keogh plan and affirmed the Bankruptcy Court's decision. The Oregon Bankruptcy Court subsequently held in *In re Masters*, 73 B.R. 796 (Bankr.D.Or. 1987), that a fund set aside by the debtor in a Retirement Savings Plan, supplied by the debtor's employer, was not exempt under the rationale of *Mace* and *Herbert v. Fliegel*. *Id.* at 797–800. The majority of the Courts denying an IRA type exemption base their holdings on whether the funds are reasonably necessary, under the control of the debtor, or are presently being paid out to the debtor. Accordingly, this Court finds that an IRA is exempt under 522(d)(10)(E) if it is shown to be "reasonably necessary" for the support of the debtor and any dependent of the debtor.

This Court in *In re Hunsucker*, 106 B.R. 220, 6 Mont.B.R. 217, 220 (Bankr. Mont.1988), adopted the definition of "reasonably necessary" as set forth in *Warren v. Taff*, 10 B.R. 101, 107 (Bankr.Conn.1981):

> "[T]he reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated ... and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim." *Hunsucker*, at 220.

In *Hunsucker*, this Court found that a teacher's pension was reasonably necessary for the support of the debtor and the pension was found to be exempt. In this case, no evidence was introduced to the Court that the IRA is reasonably necessary for the support of the Debtors or any dependent of the Debtors. In fact, the evidence shows the opposite. Mr. Bell is a 45 year old retired U.S. Army veteran who is unemployed and receives a pension from the U.S. government. Mrs. Bell is a secretary at the Montana Deaconess Medical Center. The Debtors' amendments to their petition show that they have a monthly take home of $1,840.00, together with monthly expenses of $1,640.00. Accordingly, the Debtors currently have $200.00 per month above their expenses to fund the Chapter 13 Plan. Therefore, the Debtors have not sustained their burden of proof that the funds from the IRA are reasonably necessary for their support.

Due to the factual circumstances of this case, the Court will not address whether a debtor needs to be currently receiving payment under the IRA to allow the exemption under § 522(d)(10)(E).

IT IS ORDERED that the objections of the Trustee to the Debtors' claim of exemption in the IRA account is sustained and the Debtors' Chapter 13 Plan is denied confirmation with leave to amend, convert, or dismiss this case within ten (10) days.