# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2017

Lyle W. Cayce
Clerk

JERRY WANZER,

Plaintiff-Appellant

v.

DEBRA GLOOR, Connally Medical Supervisor/As an Individual and in Official Capacity; GHASSAN GHORAYEB, MD; JOHN DOE #2, Texas Department of Criminal Justice Health Service Division; CALVIN DAVIS, Assistant Warden; BRENDA TORRES; CYNTHIA TUNG, MD,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-693

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jerry Wanzer, Texas prisoner # 855976, filed the instant 42 U.S.C. § 1983 suit to raise claims concerning deliberate indifference to serious medical needs and infringement of his right of access to the courts. The magistrate judge, presiding with the consent of the parties, granted the defendants'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50296

motion for summary judgment, and this appeal ensued.  Wanzer's motion to file a second reply brief is GRANTED.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).  Summary judgment "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Wanzer challenges the district court's grant of summary judgment on his claims of deliberate indifference to serious medical needs.  The record evidence does not show a genuine issue of material fact regarding whether "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).  Each of the defendants either was not personally involved in his medical care or provided him with sufficient assistance and treatment.  The record thus supports this portion of the magistrate judge's judgment.[1]

The record also supports the magistrate judge's grant of the defendants' motion for summary judgment as to Wanzer's claims of infringement of his right of access to the courts, as he has not presented evidence that the seizure of his materials resulted in an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  Because Wanzer has not shown that the defendants infringed his constitutional rights, he concomitantly has not shown that the district court erred by concluding that the defendants were entitled to qualified immunity.

---

[1] In his brief on appeal, Wanzer claims that defendants Davis and Torres confiscated his eyeglasses and eye drops.  We do not consider this claim, as Wanzer did not raise it below. *See Jackson v. United States v. Postal Serv.*, 666 F.2d 258, 260–61 (5th Cir. 1982).

No. 15-50296

*See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999). Finally, because the right to effective assistance of counsel does not apply to civil proceedings, we need not review Wanzer's claims of ineffective assistance of counsel in this civil rights case. *See Sanchez v. United States Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).

AFFIRMED.