**Eustacia LOPEZ–DIAZ, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 81–1445.**

United States Court of Appeals, First Circuit.

Submitted Nov. 6, 1981.

Decided March 15, 1982.

Manuel Medina Jaca, Elba Canales de Mattina, and Pedro Del Valle Ferrer, Rio Piedras, P. R., on brief, for plaintiff, appellant.

Raymond L. Acosta, U. S. Atty., William Kanter, Atty., Dept. of Justice, Washington, D. C., Frank V. Smith, III, Regional Atty., and James E. Healy, Asst. Regional Atty., Dept. of Health and Human Services, New York City, on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BREYER, Circuit Judges.

BREYER, Circuit Judge.

This case, which began nearly eight years ago, arises out of appellant's claim for Social Security disability benefits—a claim which has once been reviewed in this court, *Lopez Diaz v. Secretary of Health, Education and Welfare*, 585 F.2d 1137 (1st Cir. 1978), remanded for reconsideration, and repeatedly denied. The basic issue on this appeal is again whether the Administrative Law Judge (ALJ) could reasonably find appellant not to be disabled within the meaning of the statute, 42 U.S.C. § 423(d), a statute that defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." The impairment must be of "such severity that [the applicant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ."

For the most part, the record reveals a close case, conflicting testimony, but sufficient support for the ALJ's findings that appellant could transport herself to the workplace, that she could perform sedentary jobs, and that she was able to work as a "bead stringer" making fantasy jewelry or as one who sets the eyes of dolls. *See* the review standards cited in *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222–23 (1st Cir. 1981). The record does, however, reveal one question that warrants brief discussion: the ALJ found specifically that appellant could return to her "*former* jobs" of "bead stringer" and "dolls' eye setter,"—though she had worked at these jobs 17 years before her alleged disability began and 22 years before her insured status expired. Was this too long ago for these jobs to count as "former jobs?" Should the ALJ instead have determined that she could not work at a "former job," and then referred to the special Social Security Medical Vocational Guidelines, *see* 42 U.S.C. § 405(a); 20 C.F.R. Part 404, Subpart P, Appendix 2 (Medical Vocational Guidelines) to determine whether there were other jobs in the economy at which she could work? Appellant claims he should have done this and that the Guidelines would have determined that she is disabled.

Appellant's basic argument is based on the Medical Vocational Guidelines themselves. These guidelines constitute a matrix of the four factors that the statute makes relevant to deciding whether an individual who cannot perform his former work can nonetheless perform other work in the economy. *See Cummins v. Schweiker*, 670 F.2d 81 at 82 (7th Cir. 1982). These factors are 1) the heaviest type of substantial work the applicant can now perform; 2) his age; 3) his education; 4) his previous work experience. Appellant points to this last factor, "previous work experience," and notes that it is, by regulation, limited to experience

within the past 15 years. 20 C.F.R. § 404.-1565(a) (1981); *cf. Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir. 1982). How then, she asks, could the ALJ reasonably find that "bead stringer" and "dolls' eye setter" were "former jobs," when she held them last *more* than 15 years before?

There are three answers to appellant's question. First, the purpose of the Guidelines is to decide whether an applicant's skills are transferable to work *other* than what he previously has done. It is reasonable to reach back further in time to determine whether an applicant can perform the *same* job he once performed than when one seeks to determine whether a previously obtained skill will help him to perform a *different* job. Second, the major practical legal consequence that flows from classifying a job as "previous work," rather than as "other ... work," is that the applicant must prove he is too disabled to engage in "previous work" but after that *the burden shifts* to the Secretary to prove that he can perform "other ... work." *Geoffroy v. Secretary of Health and Human Services*, 663 F.2d 315, 317 (1st Cir. 1981); *Small v. Califano*, 565 F.2d 797, 800–01 (1st Cir. 1977). In this instance, however, the Secretary did not rely on burdens of proof. He assumed the burden of proving that the "bead stringer" and the "dolls' eye setter" jobs still exist in the economy, that the skills needed to perform those jobs have not changed and that appellant could now perform those jobs. The record reveals the undisputed testimony of a vocational expert to this effect. Thus, the Secretary seeks no legal advantage from referring to these old jobs as "former jobs." Third, the Guidelines are not, in terms, relevant to this situation. They assume that the applicant has been found unable to perform *any* former job. They only ask whether the skills are transferable to presently existing jobs. And, they might, therefore, well find an applicant "disabled" on the ground that job skills are not *transferable* even if the economy abounds in jobs that an applicant can perform of a sort that he held once long ago. They are not intended to allow an ALJ to reach a result in direct conflict with

the statute, and thus they cannot be taken here literally to apply.

Under these circumstances we find no error in the ALJ considering the "bead stringer" and "dolls' eye setter" jobs as "former jobs." And, given sufficient evidence to support the ALJ's conclusion in respect to all other of appellant's attacks, the judgment of the district court is

*Affirmed.*