**Lois M. BOWMAN, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–3750
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1983.

---

**566**

Doris Falkenheiner, Baton Rouge, La., for plaintiff-appellant.

Stanford O. Bardwell, Jr., U.S. Atty., E. Barton Conradi, Asst. U.S. Atty., Baton Rouge, La., Kermit Fonteno, Dallas, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because she failed to show that she could not engage in substantial gainful activity, the Secretary of Health and Human Services determined that Lois M. Bowman was not entitled to disability benefits under § 223 of the Social Security Act, 42 U.S.C. § 423 (1976 & Supp. V 1981). Bowman challenges this decision on the grounds that the Administrative Law Judge who conducted the initial hearing: improperly obtained an unnecessary consultative examination; failed to accord proper weight to the opinion of Bowman's treating psychiatrist; considered Bowman's ability to do work she had not done in fifteen years; and erroneously characterized her former school cafeteria job as "light work." In addition, Bowman contends, the consultant appointed by the ALJ had a conflict of interest and the administrative Appeals Council failed to treat a second report by her treating psychiatrist as new and material evidence. We find no basis to reverse the decision and, therefore, affirm.

This is Lois M. Bowman's fourth disability claim. Each of her earlier claims were denied. After doing domestic service work, Ms. Bowman worked as a school lunch room cook for almost twenty years. Now sixty, she has not worked for almost seven years. Ms. Bowman has established beyond doubt that she has a number of medical problems and that she is neither hale or hearty. She suffers from hypertension, extreme obesity, osteoarthritis, diabetes mellitus, chronic anxiety, and depression; she also complains of persistent abdominal pains and constipation. She has taken Valium for years.

Nonetheless, in 1980 a well-qualified physician who treated her wrote: "In my opinion she is not disabled. As a matter of fact, moderate physical activity might help her control her massive obesity and thus help her diabetes and high blood pressure." A psychiatrist to whom she later went for treatment expressed the opinion that she had: "a depressive neurosis of a rather severe degree . . . . I do not think she is capable of returning to employment because of the combination of her age, illness, and prolonged depression including her sense of futility." The ALJ referred her to another psychiatrist. This doctor confirmed the diagnosis but thought she was, in effect, not disabled to work. She was the victim of her "defeatist attitude", he thought, and of her "assumption of the role of an invalid."

Like many of the social security disability benefit cases that come before us, Ms. Bowman's case evokes our sympathy. One cannot fail to be impressed by her evident sincerity and her conviction that she is disabled. Lacking, indeed, the will to remedy her problems, she may be unable to work, if not by reason of infirmity then for lack of determination. But our role in reviewing disability determinations by the Secretary is circumscribed by the statute. 42 U.S.C. § 405(g) (Supp. V 1981). We may determine only whether there is substantial evidence on the entire record to support the Secretary's fact findings. We may not reweigh the evidence, substitute our own judgment for the Secretary's, or give vent to feelings of compassion. While we need not be hard hearted, we must be cool tem-

pered: if the Secretary's findings are supported by substantial evidence, they are conclusive. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); *Thomas v. Schweiker,* 666 F.2d 999, 1001–02 (5th Cir.1982) (per curiam); *Salinas v. Schweiker,* 662 F.2d 345, 347 (5th Cir.1981) (per curiam).

██ There was substantial evidence to support the Secretary's determination. "It is well settled that written medical reports by licensed physicians who have examined the claimant may constitute 'substantial evidence' in a Social Security case." *Green v. Schweiker,* 694 F.2d 108, 111 (5th Cir.1982). The two reports that say Ms. Bowman was physically capable of working suffice to support the conclusion that Ms. Bowman was not disabled. The existence of a conflicting report was primarily a matter for consideration by the Secretary, not by this court. *Green,* 674 F.2d at 111 n. 1.

██ This conclusion also disposes of Bowman's claim that the ALJ erred in finding that her "subjective complaints [were] not substantiated by objective medical evidence." It is not entirely clear what "subjective complaints" this finding refers to. However, so long as the ALJ's conclusion that Ms. Bowman was still able to work was supported by the record, separate findings with respect to her subjective complaints were unnecessary.

██ The regulations inform claimants that they will not be considered disabled if they are able to do work they formerly performed. 20 C.F.R. § 404.1520(e) (1982). Ms. Bowman claims the Secretary improperly relied on Bowman's employment as a domestic twenty years before in determining that she could return to former employment. The regulations do state that "[w]e do not *usually* consider th[e] work you did 15 years or more before the time we are deciding whether you are disabled...." *Id.* § 404.1565(a) (emphasis added). This rule recognizes that "a gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." *Id.*

In deciding whether to pretermit such dated work experience, however, the Secretary is entitled to consider the particular kind of work involved and the extent to which the skills and abilities required have in fact changed over the years. We do not find arbitrary the ALJ's conclusion that a woman who worked in a school lunch room and kept her own house for years retained the relatively uncomplicated skills required to do domestic work. *Cf. Lopez-Diaz v. Secretary of Health and Human Services,* 673 F.2d 13, 14–15 (1st Cir.1982) (applicant could return, after 17 years, to work as bead-stringer).

██ The argument that the appointment of a consultant was erroneous proceeds on the premise that it was not necessary. We have reversed decisions reached without appointing a consultant when it appeared that additional expert opinion was necessary. We have never held, however, that a consultation is forbidden simply because it was not essential. The regulations permit the Secretary to require consultative physical or mental examinations at government expense when medical information previously provided is insufficient for a disability determination. 20 C.F.R. § 404.1517 (1982). Subsection (b) of that regulation provides reasons why the Secretary "may" need evidence, but this list is not restrictive.[1]

██ The ALJ has a duty to conduct a full and fair inquiry.[2] Here he was confronted with the opinion of an internist and physician that Ms. Bowman was not disabled and the opinion of a psychiatrist that she was.

1. This section, in relevant part, reads:
    (b) *Reasons why we may need evidence.* We may need more medical evidence—
    (1) To obtain more detailed medical findings about your impairment(s);
    (2) To obtain technical or specialized medical information; or
    (3) To resolve conflicts or differences in medical findings or assessments in the evidence we already have.

2. *Ford v. Secretary of Health and Human Services,* 659 F.2d 66, 69 (5th Cir.1981).

It was fulfillment, rather than a violation, of the regulations and of his statutory duty of fairness to seek another opinion. His duty to conduct a full and fair inquiry is not limited to an inquiry that is full and fair only to the claimant.

The ALJ did not attempt to resolve the conflict in the testimony of the two psychiatrists nor did he give his reasons for accepting the consultant's opinion rather than the one reached by the psychiatrist consulted by Ms. Bowman. Ordinarily the opinion of a treating physician is entitled to more weight than that of a non-treating physician.[3] However, the ALJ's report at least inferentially gives the rationale for rejecting the conclusion of the "treating" psychiatrist. The ALJ took into account the report of the internist who had treated Ms. Bowman for years. On the whole, the ALJ apparently found the consultative report more reliable. At the time of the hearing, Ms. Bowman had not been under treatment by the psychiatrist whom she calls her "treating" psychiatrist but had merely consulted him at her lawyer's suggestion. He apparently had little, if any, more opportunity to observe her than had the consultant. The main differentiation between the two was the expressed reason for their employment. Our reliance on the opinion of the treating physician is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual. Neither reason existed here.

After the adverse hearing decision was received, Ms. Bowman obtained a second report from her "treating" psychiatrist and submitted it with her request for review by the Appeals Council. The Social Security regulations provide that the Appeals Council shall evaluate the entire record if "new and material evidence is submitted with the request for review." It must then review the case if it finds that the ALJ's action, findings, or conclusion were contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.-970(b) (1982). The second report was "new," but we cannot fault the Appeals Council for failing to consider it material. It was merely a confirmation of the psychiatrist's opinion. Its substance had already been expressed and considered.

Whether the consultative psychiatrist had a conflict · of interest was not raised below, and we cannot now consider that issue. *See Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358, 1364 (5th Cir. 1983); *Delesdernier v. Porterie*, 666 F.2d 116, 124–25 (5th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); *Jackson v. United Postal Service*, 666 F.2d 258, 260–61 (5th Cir.1982) (per curiam). If evidence is newly discovered, the remedy is to seek a new trial. *See* Fed.R.Civ.P. 60(b).

For these reasons, the judgment is AFFIRMED.

---

**3.** We have recognized that the treating physician's opinion is entitled to more weight than that of a consulting physician who has never examined the applicant. *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir.1981); *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir.1980); *Strickland v. Harris*, 615 F.2d 1103, 1109–1110 (5th Cir.1980). We have also deferred to the treating physician when the consulting physician examined the applicant only on a "one-shot" basis. *See Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir.1981); *Williams v. Finch*, 440 F.2d 613, 616–17 & n. 6 (5th Cir.1971).