875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin VAN WORMER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1601.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CHARLES M. ALLEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Claimant appeals the order of the district court granting summary judgment to the Secretary in this social security disability action. Because substantial evidence supports the Secretary's conclusions that claimant retained the residual functional capacity to perform light work and did not suffer from disabling pain, we affirm.
 
 I.
 
 2
 Claimant was born on May 24, 1937, and he left school prior to completion of the ninth grade. He is presently 5'11 1/2" tall and weighs approximately 312 pounds. Up until January 1984, claimant worked as a furnace tender for ten years. This work involved lifting as much as 150 pounds, and therefore is classified as heavy. Prior to 1984 he worked as a press operator for three or four years in work that is also described as heavy. Claimant has also worked at a factory which manufactured television tubes. Prior to 1971, claimant worked for ten years for the City of Battle Creek operating lawn mowers and light trucks.
 
 
 3
 On January 5, 1984, claimant fell while at work and claimed that he injured his back. He subsequently applied for disability insurance benefits and supplemental security income, alleging disability as the result of "back problems, sugar diabetes, and epilepsy." Following denial of his applications, a hearing was conducted by the Administrative Law Judge ("ALJ").
 
 
 4
 Claimant has been diagnosed by several physicians as suffering from diabetes mellitus, hypertension, and narcolepsy. However, the reports of these physicians unequivocally establish that claimant's problems with all three diseases are controlled by medication.
 
 
 5
 With respect to claimant's central allegation of disability from lower back strain, the medical record is also uniform. At the time claimant was hospitalized following the January 1984 fall at work, he was diagnosed by Dr. Paarlberg as suffering from lumbosacral strain. Dr. Chapman noted two years later that the diagnosis remained the same. X-rays of claimant's lumbosacral spine have uniformly revealed, at most, "very minimal degenerative disc disease." Indeed, as Dr. Kivi observed, x-rays revealed that claimant demonstrated "unusually good mobility and unusually normal x-rays for his age of forty-nine." Doctors Morril, Kivi, and Herendeen all noted the presence of schmorl's nodes at L1 and L2, but all three found that claimant's back was otherwise normal. Dr. Morril did observe "some difficulty with bending, stooping, lifting, and prolonged standing as well as walking." He believed that these problems could be alleviated if claimant lost a considerable amount of weight. This view was shared by Drs. Kivi and Herendeen. Dr. McColl reported that claimant could lift up to 45 pounds, but suggested that he engage in "no repetitive bending and twisting and no long term standing and walking." However, Dr. McColl specifically stated that this recommendation was based on claimant's history and not objective findings. Dr. Mahaney examined claimant on July 29, 1985, and, like the other physicians, concluded that claimant's x-rays were relatively normal with the exception of the schmorl's nodes at L1 and L2. Like the others, he concluded that claimant's basic problem was obesity, but he found that it limited him to lifting up to 50 pounds "being careful on bending, lifiting, twisting but letting him work."
 
 
 6
 The ALJ issued a decision on April 27, 1987 denying disability benefits to claimant. He found that claimant retained the residual functional capacity for light work and that he could return to his previous work as a lawn mower operator or truck driver, both of which are classified as light. The ALJ rejected claimant's assertion of disabling back pain on the ground that his testimony lacked credibility, and concluded that claimant was not disabled and therefore not entitled to benefits. On July 16, 1987, the appeals council affirmed and adopted the decision of the ALJ.
 
 
 7
 Claimant subsequently filed a complaint in the district court seeking review of the Secretary's findings. Following cross-motions for summary judgment, the district court filed an opinion granting summary judgment to the Secretary. This appeal followed.
 
 II.
 
 8
 Our review of the Secretary's findings in a social security disability case is limited to a determination of whether the Secretary's conclusions are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (1983). "Substantial evidence means more than a mere scintilla of evidence; it means such evidence as a reasonable mind might accept as adequate to support a conclusion." Sias v. Secretary of Health and Human Services, 861 F.2d 475, 479 n. 1 (6th Cir.1988) (citation omitted).
 
 A.
 
 9
 At the outset, it is clear that claimant's allegation of disability as a result of diabetes mellitus, hypertension, and narcolepsy must be rejected. Substantial evidence unquestionably supports the ALJ's conclusion that these conditions are controlled by medication. The reports of Dr. McColl, Dr. Morril, and Dr. Herendeen all support the ALJ's holding on this point.
 
 
 10
 Turning to claimant's lower back allegations, substantial evidence clearly supports the ALJ's finding that claimant suffered lumbar strain as a result of his obesity. Dr. McColl, Dr. Morril, Dr. Kivi, Dr. Herendeen and Dr. Mahaney all found that claimant's x-rays were essentially normal, but that his obesity caused some lumbar strain. From this evidence, the ALJ concluded that claimant was capable of performing light work.
 
 
 11
 Light work has been defined in the Secretary's regulations as follows:
 
 
 12
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm and leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
 
 
 13
 20 C.F.R. Sec. 404.567(b) (1988).
 
 
 14
 There is no question that claimant is capable of lifting between ten and twenty pounds regularly. Dr. McColl reported that claimant could lift up to 45 pounds. Dr. Mahaney limited claimant to lifting 50 pounds. Nevertheless, claimant argues that he is incapable of performing light work because his impairment precludes "repetitive bending, twisting, or long-term standing or walking." He points to Dr. McColl's report in support of these restrictions. However, Dr. McColl also stated that the "restrictions are imposed primarily because of his history rather than because of any objective neurologic deficit that I observed today." Claimant also cites Dr. Kivi's statement that he is limited to sedentary work. However, Dr. Kivi clearly indicated that claimant's obesity limits his mobility and endurance such that he is limited to sedentary work. With respect to his back, Dr. Kivi found that claimant demonstrated unusually good mobility and unusually normal x-rays for his age of forty-nine." In contrast, Dr. Mahaney felt that claimant could go back to full-time work "being careful on bending, lifting and twisting, but letting him work." Similarly, Dr. Paarlberg found that claimant "has pretty good range of motion." Dr. Morril indicated "some difficulty with bending, stooping, lifting and prolonged standing as well as walking." However, Dr. Morril did not state that claimant was precluded from these activities. We hold that the reports of Dr. Morril, Dr. Kivi, and Dr. Mahaney constitute substantial evidence in support of the ALJ's conclusion that claimant is capable of performing light work. Consequently, we must respectfully disagree with the district court's conclusion that claimant is capable of performing only sedentary work.
 
 B.
 
 15
 Claimant argues that even if the ALJ's finding that he is capable of performing light work is upheld, the ultimate finding of disability still must be rejected because the ALJ improperly concluded that claimant could return to remote former work. The ALJ found that claimant was capable of performing the light work which he previously performed for the City of Battle Creek up until 1971. Claimant argues that the ALJ may not look to work performed more than fifteen years prior to adjudication. In support of this argument, claimant points to 20 C.F.R. Sec. 404.1565(a) (1988), which provides in relevant part:
 
 
 16
 We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect the skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied. If you have no work experience or worked only "off-and-on" or for brief periods of time during the 15-year period, we generally consider that these do not apply.
 
 
 17
 The Secretary responds that the 15-year rule is not absolute as is made clear by the use of the word "usually." The Secretary argues that the rule does not apply in cases where the claimant is unskilled. The rule itself states that the reason remote work is not considered is that "after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply."
 
 
 18
 It is well settled that "[a]n administrative agency's interpretation of its own regulations is entitled to substantial deference." Fluor Constructors v. OSHRC, 861 F.2d 936, 939 (6th Cir.1988) (citations omitted). The agency's interpretation will be adopted by this court if it is reasonable. Id. at 940. Given the language of the regulation, we find the Secretary's construction, which precludes application of the 15-year rule to unskilled workers, to be reasonable. For this reason, we hold that the ALJ's determination that claimant could return to his former work is supported by substantial evidence, and we uphold his finding of no disability.
 
 
 19
 But even if we did not adopt the Secretary's interpretation of the 15-year rule, the ALJ's finding of no disability would still be upheld, because rule 202.10 from 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2 requires a finding of not disabled. Claimant, at most, was closely approaching advanced age, had a limited education, and work experience at the unskilled level. There is no indication that claimant suffered from non-exertional limitations, so this court's holdings in Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987) and Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.1985) do not preclude reliance upon the grid. For this reason, even if we did not adopt the Secretary's interpretation of the 15-year requirement, substantial evidence still supports the ALJ's conclusion that claimant is not disabled.
 
 C.
 
 20
 Finally, claimant argues that substantial evidence does not support the ALJ's finding that he was not disabled as the result of the pain associated with his lower back condition. This court's standard for evaluating claims of disabling pain was set forth in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986):
 
 
 21
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 22
 This court recently held that the Duncan standard applies to cases in which the final determination of the Secretary is made after January 1, 1987. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1003 (6th Cir.1988). Applying this standard to the case at bar, it is clear that substantial evidence supports the ALJ's conclusion that claimant's alleged pain was not disabling. Claimant's obesity arguably was objective medical evidence of an underlying medical condition. However, given the uniform absence of abnormal conditions on claimant's x-rays, no objective medical evidence confirmed the severity of the alleged pain nor is obesity an objectively established medical condition of such severity that it can reasonably be expected to produce the alleged disabling back pain. For this reason, substantial evidence clearly supported the ALJ's conclusion that claimant did not suffer disabling pain.
 
 III.
 
 23
 The order of the district court granting summary judgment to the Secretary is AFFIRMED.
 
 
 24
 CHARLES M. ALLEN,* Senior District Judge, concurring.
 
 
 25
 I concur fully in Parts A and C of the majority opinion. I would not reach the Step Four work history question addressed in Part B, since for this claimant who is "closely approaching advanced age" and capable of light work, the grid would direct a finding of "not disabled" at Step Five, even if it is assumed that the claimant was not capable of performing his past relevant work. Since the issue has been addressed, however, I must respectfully explain my dissent from the conclusion of the majority opinion on this question.
 
 
 26
 In Kirk v. Secretary, 667 F.2d 524, 537, n. 7 (6th Cir.1981), this Court referred to the fifteen year period established by 20 CFR Sec. 404.1565(a) as a "presumption." By using that term, the Court suggests that as to work performed within the fifteen year period, the claimant bears the burden of showing inability to return to the job. As to work performed beyond the fifteen year period, the Secretary would have the burden of coming forward with evidence indicating the claimant's ability to return to the job.
 
 
 27
 The case of Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) reaffirmed the principle that general factual issues not unique to each case may be resolved, at least presumptively, through rulemaking proceedings. In promulgating Sec. 404.1565(a), the Secretary utilized this principle, establishing through the rulemaking process the general factual presumption that the passage of time can be expected to change gradually the skills and abilities needed for a job, such that a return to the same position would not truly be a return to the same work. So long as the claimant remains free to rebut the presumption, Heckler v. Campbell provides ample authority for establishing this presumption through information presented in a public rulemaking proceeding.
 
 
 28
 The regulatory interpretation urged by the Secretary in this case, however, amounts to a further factual determination, made without notice and without reliance on information received in either an adjudicatory or a rulemaking proceeding. The Secretary states on this appeal that unskilled jobs do not undergo any gradual change over time, so that skills and abilities acquired in those jobs continue to apply, perhaps for the life of the worker. Heckler v. Campbell repeatedly refers to "fairness' in approving the resolution of general factual issues through rulemaking proceedings rather than in each disability hearing. Even if the Secretary had not made a previous pronouncement on this regulation, I would have serious doubts as to the fairness of forgoing not only evidence at the individual hearing, but the rulemaking proceeding and all notice as well.
 
 
 29
 As to the issue presented here, however, the Secretary has previously announced a contrary interpretation in a Social Security Ruling (SSR), which is binding on all components of the Social Security Administration. 20 CFR 422.408. In SSR 82-62, the Secretary explained as follows, in pertinent part:
 
 
 30
 A gradual change occurs in most jobs in our national economy so that after 15 years it is no longer realistic to expect that skills (or proficiencies ) and abilities acquired in these jobs continue to apply.
 
 
 31
 * * *
 
 
 32
 * * *
 
 
 33
 While the regulations provide that a claimant/beneficiary's work experience is usually relevant when the work "was done within the last 15 years," in some cases work performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations. [emphasis added]
 
 
 34
 SSR 82-62 does not limit the application of the fifteen year presumption to skilled work, nor does it provide any basis for the assumption that unskilled work does not involve the acquisition of proficiencies and abilities that might change over time. The portion of the Ruling emphasized above recognizes that the Secretary has the burden of establishing a continuity of skills, knowledge and processes in order to justify consideration of work performed outside the fifteen year period. I am unable to agree that this principle is consistent with the Secretary's taking administrative notice of the characteristics and requirements of all jobs that may be classified as "unskilled."
 
 
 35
 Other courts that have approved application of work experience outside the fifteen year period have done so on records that did include such evidence. Bowman v. Heckler, 706 F.2d 564 (5th Cir.1983) (prior work as a domestic applicable where evidence showed that plaintiff had continued performing her own housecleaning work in the interim); Lopez-Diaz v. Secretary, 673 F.2d 13 (1st Cir.1982) (prior work as a "bead-stringer" applicable where vocational expert testified that such jobs still exist and the skills needed to perform those jobs have not changed).
 
 
 36
 In the present case, neither rulemaking proceedings nor evidence produced at the hearing established the required continuity. The Administrative Law Judge and the Appeals Council were bound by SSR 82-62 not to consider the sixteen year old work. I would uphold the Secretary's determination, but I would do so on the basis of the Step Five findings, not the Step Four assumption.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 *
 The Honorable Charles M. Allen, United States District Court for the Western District of Kentucky, sitting by designation