**Celia CANSIO, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. CV 92–6906–(E).**

United States District Court,
C.D. California.

July 22, 1993.

T.E. Glenn and Rebecca Reagan, Legal Services Program, Eastern Valley Branch, Pomona, CA, for plaintiff.

Suzette Clover, Asst. U.S. Atty., U.S. Atty.'s Office, C.D.Cal., Los Angeles, CA, for defendant.

## MEMORANDUM OPINION

EICK, United States Magistrate Judge.

## PROCEEDINGS

Plaintiff filed a complaint on November 19, 1992, seeking review of the Secretary's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on January 29, 1993.

On May 24, 1993, Plaintiff filed a motion for summary judgment. On June 23, 1993, Defendant filed a motion for summary judgment. The Court has taken both motions under submission without oral argument. *See* L.R. 7.11.

## BACKGROUND

Plaintiff sought SSI benefits, alleging diffuse physical impairments (Administrative Record ("AR") 56, 29–32). Dr. Sarah Maze, who performed an internal medicine evaluation of Plaintiff, essentially concluded there was nothing physically wrong with Plaintiff (AR 134–39). Dr. Maze personally observed Plaintiff feign disabling symptomatology (AR 137–39).

Following a hearing, the Administrative Law Judge ("ALJ") concluded Plaintiff did not suffer from any medically determinable physical impairment (AR 200). The ALJ found Plaintiff's subjective complaints not credible (AR 200–202). The ALJ relied upon the testimony of a vocational expert in identifying jobs Plaintiff assertedly could perform (AR 202–203).

Following this decision, Plaintiff obtained a "psychological evaluation" from Dr. Victor C. Sanchez (AR 212–15). Dr. Sanchez administered a Leiter International Performance Scale Test, which yielded an I.Q. score of 55 (AR 213). Dr. Sanchez suggested Plaintiff's depression was a factor of unknown significance in lowering Plaintiff's test score. *Id.* Dr. Sanchez diagnosed "major depression—recurrent—moderate" (AR 214).

According to the Appeals Council, Dr. Sanchez's report suggested that Plaintiff's "general intellectual functioning might be significantly subaverage" (AR 210). The Appeals Council remanded the case to the ALJ to obtain a Wechsler intelligence test. *Id.* The Appeals Council directed that the Spanish language version of the Wechsler test be administered to Plaintiff. *Id.*

Dr. Michael J. Perrotti then examined Plaintiff (AR 225–30). Dr. Perrotti administered the English language version of the Wechsler test, translated by a Spanish language interpreter. *Id.* Plaintiff scored 59 (AR 227). Dr. Perrotti observed Plaintiff was uncooperative and gave extremely anomalous responses during the test (AR 228–29). Dr. Perrotti felt Plaintiff was manipu-

lative and "could do much better than she did on the testing" (AR 230).

Following another hearing, the ALJ again found Plaintiff not disabled (AR 10–12). The ALJ deemed all of the intelligence tests to be "invalid based upon [Plaintiff's] failure to cooperate and based on her manipulative voluntary actions" (AR 12). The ALJ rejected Dr. Sanchez's diagnosis of major depression (AR 11–15). The Appeals Council denied review, thereby affirming the ALJ's decision (AR 4–5).

### PLAINTIFF'S CONTENTIONS

Plaintiff contends:

1. Plaintiff should have been given the Spanish language version of the Wechsler test;

2. The ALJ erred in finding the intelligence testing invalid; Plaintiff's test results meet or equal Listing 12.05; and

3. The ALJ improperly rejected Dr. Sanchez's opinion.

### STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Secretary's decision to determine if: (1) the Secretary's findings are supported by substantial evidence; and (2) the Secretary used proper legal standards. *Swanson v. Secretary,* 763 F.2d 1061, 1064 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). This Court cannot disturb the Secretary's findings if those findings are supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. *See Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir.1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *Harvey v. Richardson,* 451 F.2d 589, 590 (9th Cir.1971).

### DISCUSSION

In this case, the issue of whether Plaintiff truly is disabled or merely is feigning disability hinges largely upon Plaintiff's

credibility. The ALJ's credibility determination should be given "great weight." *See Nyman v. Heckler,* 779 F.2d 528, 531 (9th Cir.1986). The ALJ's rejection of Plaintiff's credibility is supported by evidence that Plaintiff has feigned physical limitations and exaggerated mental limitations. *See Copeland v. Bowen,* 861 F.2d 536, 541 (9th Cir. 1988) (ALJ's rejection of claimant's credibility upheld where claimant had alleged a limitation "disparate from that observed by the consultative examiner").

Plaintiff apparently no longer argues she is physically disabled. The record contains substantial evidence she also is not mentally disabled. Dr. Ross diagnosed Plaintiff's alleged depression as a presumably transitory grief reaction to her mother's death (AR 177). Other doctors concurred that Plaintiff's alleged mental problems were nonexistent or not severe (AR 63–64, 91–93; *see also* AR 138). Plaintiff completed several grades in elementary school without being placed in special classes or being diagnosed as mentally retarded (AR 116, 131). Dr. Perrotti opined Plaintiff "could do much better than she did on the [intelligence] testing" (AR 230).

[6] The ALJ properly found that Plaintiff's uncooperativeness and voluntary manipulation invalidated all intelligence tests administered to Plaintiff.[1] *See Soto v. Secretary,* 795 F.2d 219, 222 (1st Cir.1986) (Secretary "is not obliged to accept the results of claimant's IQ tests if there is a substantial basis for believing that claimant was feigning the results"); *Popp v. Heckler,* 779 F.2d 1497, 1500 (11th Cir.1986) (ALJ may reject results of IQ test as invalid even where psychologist who administered the test did not comment on the test's validity); *Strunk v. Heckler,* 732 F.2d 1357, 1360 (7th Cir.1984) (ALJ may reject results of IQ test based on conflicting evidence and questions concerning claimant's credibility).

Since the ALJ properly found the intelligence test results invalid, the ALJ correctly found Plaintiff does not meet or equal

---

1. Additionally, applicable regulations disfavor reliance on the Leiter International Scale, absent

"special circumstances" not here present. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D).

Listing 12.05. Moreover, this listing requires a finding that the claimant's deficient intellectual functioning and behavior were "initially manifested during the developmental period (before age 22)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The record contains no medical or other persuasive evidence that would support such a finding.

■ The intelligence test administered by Dr. Perrotti did deviate from the Appeals Council's original directive. However, by later denying review, the Appeals Council manifested its assent to the procedures utilized on remand. Plaintiff has not cited (and this Court has not found) any authority suggesting that a Spanish speaking claimant must receive the Spanish language version of the Wechsler test, as distinguished from the English language version translated by a Spanish language interpreter. The Secretary does have a duty to fully and fairly develop the record. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). But, here, Plaintiff's own uncooperativeness and manipulation frustrated efforts to fully and fairly develop the record.

■ Treating physicians' opinions are accorded greater weight than other physicians' opinions, because treating physicians are employed to cure and have a greater opportunity to know and observe the patient. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987). Contrary to Plaintiff's argument, Dr. Sanchez does not qualify as a "treating physician" whose opinion must be accorded special weight. Dr. Sanchez apparently did not see Plaintiff until weeks after the ALJ's first adverse decision. Dr. Sanchez apparently saw Plaintiff only once. He saw Plaintiff "for the purpose of providing an assessment of [Plaintiff's] current level of cognitive and adaptive functioning as part of the process of determining eligibility [for SSI benefits]" (AR 212). Dr. Sanchez was not a physician employed to cure and having an extended opportunity to know and observe Plaintiff. His was a single consultation designed to assist with an SSI application which appeared to be in jeopardy following the ALJ's initial decision. *See Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir.1989) (doctor's "opinion is all the less persuasive since it was obtained by [claimant] only after the ALJ issued an adverse determination"); *Mongeur v. Heckler*, 722 F.2d 1033, 1039 n. 2 (2d Cir.1983) (opinion of doctor who examined patient only once or twice not entitled to extra weight); *accord Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983).

■ Even if the Court were to regard Dr. Sanchez as a "treating physician," the Court would find that the ALJ stated sufficient reasons for rejecting Dr. Sanchez's opinion. The ALJ noted the lack of any longitudinal history of major depressive mental illness (AR 11). The ALJ observed that Dr. Sanchez's diagnosis of major depression appeared to be based almost entirely upon what Plaintiff told Dr. Sanchez. *Id.* The ALJ noted a lack of clinical evidence supporting the diagnosis. *Id.* These stated reasons justified the rejection of Dr. Sanchez's opinion. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989) (ALJ may reject opinions premised upon claimant's properly discounted subjective complaints); *Young v. Heckler*, 803 F.2d 963, 967–68 (9th Cir.1986) (treating physician's opinion properly rejected as conclusory and lacking adequate findings).

## CONCLUSION

After consideration of the record as a whole, the Court concludes that the Secretary's decision is supported by substantial evidence and is free from material legal error. Accordingly, Defendant's motion for summary judgment is granted, Plaintiff's motion for summary judgment is denied and Judgment will be entered in favor of Defendant.

## JUDGMENT

It is HEREBY ADJUDGED that defendant's motion for summary judgment is granted and judgment is entered in favor of defendant.