IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30417
Summary Calendar
_____

SHIRLEY J. COOPER,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:00-CV-2550
--------------------
December 19, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Shirley J. Cooper appeals the district court's judgment affirming the Social Security Commissioner's (the Commissioner) decision to deny her disability benefits.  She argues that the Administrative Law Judge's ("ALJ") determination at step 4 of the disability analysis that she could return to her prior employment as a security guard and as a Sam's Wholesale greeter was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supported by substantial evidence.  She further argues that a finding of disability is directed at step 5.

Our review of the Commissioner's decision is limited to determining whether substantial evidence in the record supports the decision and whether the Commissioner applied the proper legal standards.  See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).  The determination whether a claimant can perform past relevant work may rest on either (1) descriptions of past work as actually performed or (2) as generally performed in the national economy.  Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).

We hold that the ALJ's determination that Cooper's security guard job required only a sedentary exertion level is supported by Cooper's description in her work history report of that past work as actually performed, which report was left unchallenged by counsel at the administrative level.  See, e.g., id.  Cooper's arguments that she is unable to perform her past work as a greeter and that she should be declared disabled at step 5 are therefore moot.

We reject Cooper's suggestion that it was inappropriate for the ALJ to consider the opinion of a vocational expert (VE) at step 4.  We have never held as such and have condoned the use of a VE to supply information about the claimant's past work.  See, e.g., Shave v. Apfel, 238 F.3d 592, 594 (5th Cir. 2001); Leggett v. Chater, 67 F.3d 558, 563-64 (5th Cir. 1995).  We further

reject Cooper's assertion that her security guard job should not be considered past relevant work because it was performed between 12 and 14 years prior to the ALJ's decision. See 20 C.F.R. § 404.1565(a) (work experience applies when it was done within the last 15 years); see also Bowman v. Heckler, 706 F.2d 564, 567 (5th Cir. 1983) (Secretary did not improperly rely on claimant's employment as a domestic 20 years before in determining that she could return to former employment).

We additionally reject Cooper's argument that her security guard job did not constitute substantial gainful activity. Her earnings between 1984 to 1986 averaged over $300 per month and are therefore presumptive proof of substantial gainful activity under the regulations. See 20 C.F.R. § 404.1574(b)(2)(i) & Table 1; see White v. Heckler, 740 F.2d 390, 394 (5th Cir. 1984) (regulations set forth earnings presumed to be evidence of substantial gainful activity).

Cooper's argument that a finding that sedentary security work was available in the workforce was a necessary part of the disability determination is meritless; the issue whether substantial gainful work is available in the national economy is relevant only at step 5 of the analysis, and the ALJ ended the analysis at step 4.

AFFIRMED.