Stafford MCDANIEL, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV S–02–1908 GEBDAD.

United States District Court, E.D. California.

Feb. 20, 2004.

---

Gail Stassinos, Law Office of Gail Stassinos, Carmichael, CA, for Plaintiff.

Bobbie J. Montoya, cv, United States Attorney's Office, Sacramento, CA, for Defendant.

## ORDER

BURRELL, District Judge.

This Social Security action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636, et seq., and Local Rule 72–302.

On January 27, 2004, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Neither party has filed objections to the findings and recommendations.

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 27, 2004, are adopted in full;

2. Plaintiff's motion for summary judgment is granted;

3. Defendant's cross-motion for summary judgment is denied; and

4. The decision denying benefits is reversed and this matter is remanded with the direction to grant benefits.

## FINDINGS AND RECOMMENDATIONS

DROZD, United States Magistrate Judge.

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the court concludes that the decision of the Commissioner of Social Security ("Commissioner") should be reversed and this matter remanded with the direction to grant benefits.

## PROCEDURAL BACKGROUND

On March 30, 2000, plaintiff Stafford McDaniel applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), respectively, alleging disability since January 8, 1998. (Transcript (Tr.) at 71–73, 212–14.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 56–59, 62–66, 222–26.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on September 20, 2001, at which time plaintiff was represented by counsel. (Tr. at 33–53.) In a decision issued on March 23, 2002, the ALJ determined that plaintiff was not disabled. (Tr. at 11–23.) The ALJ entered the following findings in this regard:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set

forth in Section 216(i) of the Social Security Act and is insured for benefits through June 30, 2000.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the residual functional capacity for the full range of sedentary work and a limited range of light work that does not involve lifting over 20 pounds occasionally or more than 10 pounds frequently; standing and walking at least two hours in an eight-hour work day, and sitting less than 6 hours in an 8–hour work day; and no more than occasional crouching, crawling, kneeling, and stooping.

8. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

9. The claimant is a "younger individual between the ages of 45 and 49" (20 CFR §§ 404.1563 and 416.963).

10. The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

12. The claimant has the residual functional capacity to perform the full range of sedentary work and a limited range of light work (20 CFR §§ 404.1567 and 416.967).

13. Even if the claimant were limited to no more than the full range of sedentary work, Rules 201.21 and 201.22, Table No. 1 would direct a conclusion of no[t] disabled. In this case the claimant's occupational base[ ] is even broader because he can perform some light work. Thus, using Rules 202.20, 202.21, and 202.22, as a framework for decisionmaking, there are a significant number of jobs in the national economy, which he could perform.

14. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(Tr. at 21–22.) The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on July 24, 2002. (Tr. at 6–8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on September 4, 2002.

## LEGAL STANDARD

■ The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir.2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclu-

sive. *See Miller v. Heckler,* 770 F.2d 845, 847 (9th Cir.1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Morgan,* 169 F.3d at 599; *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985) (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

■ A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *See Jones,* 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. *Id.; see also Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir.1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, *see Sprague v. Bowen,* 812 F.2d 1226, 1229–30 (9th Cir.1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, *see Burkhart v. Bowen,* 856 F.2d 1335, 1338 (9th Cir.1988).

■ In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. *See Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). This five-step process can be summarized as follows:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir.1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert,* 482 U.S. at 146 n. 5, 107 S.Ct. 2287. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.; Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999).

### APPLICATION

In his motion for summary judgment plaintiff persuasively argues that the ALJ improperly evaluated the opinion of plaintiff's treating physicians and erred in not fully crediting his testimony regarding the severity of plaintiff's symptoms.

■ Beginning with plaintiff's primary assertion, it is well-established that the medical opinion of a treating physician is entitled to special weight. *See Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989); *Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester,* 81 F.3d at 830 (citing *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1987)). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester,* 81 F.3d at 830 (citing

*Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991)). The Ninth Circuit Court of Appeals has further held that " 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions." *Id.* (citing *Embrey,* 849 F.2d at 422). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* (citing *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983)).

Plaintiff's work history is that of an unskilled laborer and he sustained the back injury at issue in this case while lifting a desk in November, 1997. He was first treated by John S. Agnew, M.D. on December 17, 1997, at which time Dr. Agnew thought plaintiff could return to his usual work. (Tr. at 139.) Plaintiff continued with follow-up care, complaining of increased pain. A January 15, 1998, MRI of plaintiff's lumbar spine revealed an "annular bulge with right foraminal disc protrusion" at the L5–S1 level (Tr. at 131) and Dr. Agnew opined that plaintiff could perform only modified work (Tr. at 129–30). Plaintiff's symptoms worsened and during January and February, 1998, he continued to complain of increased back pain and tenderness as well as right leg pain and weakness with decreased sensation, symptoms that Dr. Agnew verified upon objective examination. (Tr. at 126–29.) Thus, during plaintiff's last two visits, on February 9 and 17, 1998, Dr. Agnew characterized plaintiff as "unable to work." (Tr. at 126–27.) The record indicates that plaintiff treated with Dr. Agnew on seven occasions and as of February 17, 1998, plaintiff was awaiting a neurosurgical evaluation, although no such evaluation is in the record. (Tr. at 126.)

■ The ALJ acknowledge Dr. Agnew's determination that plaintiff is unable to work, but discounted that determination with the following comment:

> It was on February 3, 1998, after the claimant's continual complaints of worsening condition, that Dr. Agnew stated in view of worsening symptoms, it was reasonable for him to be off work awaiting authorization for a neurosurgeon. February 17, 1998 is the last treatment record[ ] of Dr. Agnew, noting 'waiting to see Neurosurgery.' There are no records from any neurosurgeon.

(Tr. at 19.) Thus, the ALJ interpreted Dr. Agnew's disability determination as temporary and conditional upon an evaluation to be performed by a neurosurgeon. Since that evaluation never occurred, the ALJ rejected Dr. Agnew's determination. The undersigned is not persuaded by that logic. While Dr. Agnew initially found plaintiff able to work despite his injury, he refined his opinion over the course of six additional office visits and as a result of plaintiff's complaints, objective examination and an MRI. The court fails to see how any failure to consult a neurosurgeon detracts from Dr. Agnew's finding that plaintiff is unable to work. Accordingly, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Agnew's opinion.

■ Another of plaintiff's treating physicians, Wu–Hsiung Su, M.D., also found plaintiff unable to work, opining that plaintiff could lift and carry less than ten pounds; stand and/or walk for less than one hour; and sit for only two to three hours as a result of his bulging disk and related pain and weakness in the back and legs. (Tr. at 184–85.) The ALJ rejected that opinion since Dr. Su treated plaintiff on "four visits only"; relied on plaintiff's subjective complaints without obtaining "any new diagnostic studies"; last treated plaintiff during October, 2000; and did not provide any clinical findings in support of his assessment of disability. (Tr. at 19–

20.) However, characterizing the number of occasions on which plaintiff treated with Dr. Su as "four visits only" is somewhat disingenuous since, in finding plaintiff able to perform work, the ALJ relied on the opinion of Rebecca Jordan, M.D., a consulting neurologist who examined plaintiff on only one occasion. (Tr. at 198–202.) Further, while Dr. Su did not obtain any new diagnostic studies, he was aware of the MRI which showed a bulging disk (Tr. at 185) and his objective examinations of plaintiff resulted in findings consistent with that condition, such as a tender lumbar spine with pain radiating to the legs (Tr. at 196). Finally, while Dr. Su last treated plaintiff almost one year before the administrative hearing and five months before preparing the written evaluation of disability on March 22, 2001, the timing of Dr. Su's opinion alone is an insufficient reason for rejecting it. Indeed, in other social security actions reviewed by this court, a one-year-old medical opinion is not at all unusual.

The Ninth Circuit has observed that greater weight is given to a treating physician's opinion because it "is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual." *Murray*, 722 F.2d at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983)). In rejecting the opinions of Dr. Agnew and Dr. Su, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record. Thus, the treating physicians' opinions were not accorded the weight to which they were entitled by the ALJ in this case.

Plaintiff's next argument, that the ALJ erred in not fully crediting plaintiff's testimony regarding the severity of his symptoms, also is persuasive. It is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996). An ALJ's assessment of credibility should, in general, be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 530–31 (9th Cir. 1985). Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary. *Morgan*, 169 F.3d at 599. In evaluating subjective testimony an administrative law judge may consider the presence or absence of supporting objective medical evidence along with other factors. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. *See Fair*, 885 F.2d at 604 n. 5.

■ Nonetheless, an administrative law judge's rejection of a claimant's testimony must be supported by specific findings. *Morgan*, 169 F.3d at 599; *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir.1993)(citing *Miller*, 770 F.2d at 848). Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of her symptoms merely because the testimony is unsupported by objective medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998); *Light v. Social Security*, 119 F.3d 789, 792 (9th Cir.1997). Rather, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Light*, 119 F.3d at 792; *see also Reddick*, 157 F.3d at 722. As the Ninth Circuit Court of Appeals has stated:

> For the ALJ to reject [a claimant's] subjective complaints, he must provide specific, cogent reasons for the disbelief. Without affirmative evidence showing that the claimant is malingering, the

Commissioner's reasons for rejecting the plaintiff's testimony must be clear and convincing. If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.

*Morgan,* 169 F.3d at 599 (citations and internal quotations omitted).

■ In the present case, plaintiff maintains that the ALJ failed to set forth clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of his symptoms. The court agrees.

In finding plaintiff less than credible, the ALJ stated:

The undersigned also considered the claimant's testimony and finds it partially credible, but not as limited as alleged. The claimant alleges constant pain, numbness, and stiffness in back, legs, and knees. He says the most he can stand or sit is ten minutes at a time. Although there is some degree of degenerative disc disease, Dr. Jordan, the consultative examiner, did not note any motor or strength loss or weakness, while sensory testing was inconsistent. The claimant's allegations of disabling back and leg pain cannot be fully credited because they are not supported by the record as a whole.

(Tr. at 20.) However, that the one physician the ALJ chose to rely upon found no motor or strength loss or weakness and inconsistent sensory testing simply does not constitute a specific, clear and convincing reason for rejecting plaintiff's testimony to the contrary. Nor does the vague assertion that plaintiff's testimony is "not supported by the record as a whole" justifies such a conclusion. On the contrary,

the MRI of plaintiff's back as well as the clinical findings and opinions of Dr. Agnew and Dr. Su support plaintiff's allegations of pain, numbness and weakness. As discussed above the ALJ inappropriately discounted those physicians' findings and opinions. Additional treatment records from the Sacramento County Department of Health and Human Services also document plaintiff's right leg pain, weakness and sensory deficit. (Tr. at 190.) The ALJ mentioned those records in the summary of the medical evidence (Tr. at 16), but did not meaningfully assess their significance. For these reasons, the undersigned finds that the ALJ failed to properly evaluate plaintiff's pain testimony.

■ In light of the errors identified above, it is unnecessary to address the remainder of plaintiff's arguments. However, the appropriate remedy must be determined. The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. *Ghokassian v. Shalala,* 41 F.3d 1300, 1304 (9th Cir.1994); *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990). In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." *Ghokassian,* 41 F.3d at 1304 (quoting *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1399 (9th Cir.1988)). This rule recognizes the importance of expediting disability claims. *Ghokassian,* 41 F.3d at 1304; *Varney,* 859 F.2d at 1401. Where, as here, there were no legitimate reasons given for disregarding the treating physician's opinion or plaintiff's testimony, there is no need to remand the case for additional findings. *See Ghokassian,* 41 F.3d at 1304; *Pitzer,* 908 F.2d at 506; *Winans,* 853 F.2d at 647; *Gallant v. Heckler,* 753 F.2d 1450, 1457 (9th Cir.1984).

If the opinions of plaintiff's treating physicians and his testimony are properly credited, the evidence indicates that a determination of not disabled would not be supported by substantial evidence because it is clear that plaintiff is unemployable and disabled.[1] *See Holohan v. Massanari,* 246 F.3d 1195, 1210–11 (9th Cir.2001) (crediting treating psychiatrist's and claimant's testimony and remanding with instructions to award benefits); *Hammock,* 879 F.2d at 502 (crediting examining physician's opinion as a matter of law when ALJ failed to adequately explain reasons for rejecting it); *Varney,* 859 F.2d at 1401 (9th Cir.1988)(crediting claimant's testimony as a matter of law when ALJ failed to adequately reject it). Accordingly, no useful purpose would be served by delaying this matter further for additional administrative proceedings.

## CONCLUSION

Accordingly, the court HEREBY RECOMMENDS that:

1. Plaintiff's motion for summary judgment be granted;

2. Defendant's cross-motion for summary judgment be denied; and

3. The decision denying benefits be reversed and this matter remanded with the direction to grant benefits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five (5) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

Jan. 27, 2004.

---

1. Social Security Ruling 96–8p advises that residual functional capacity "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. 96–8p. The regulations similarly require the Commissioner to evaluate whether the claimant is able to work "on a sustained basis." 20 C.F.R. §§ 404.1512(a), 416.912(a).